AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| Devonte Davis | ) 1:19-mj-0922 |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 1, 2019__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and/or Ammunition By a Prohibited Person |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Launa K. Hunt, SA, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 10/03/2019

_Judge's signature_

City and state: Indianapolis, IN     Mark J. Dinsmore, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1.   Your Affiant is a Special Agent (SA) with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice, and has served in that capacity since September 2014.  Your Affiant is currently assigned to the Indianapolis Group I Field Office – Achilles Task Force and is charged with investigating violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in Titles 18 and 26 of the United States Code, for all of which your Affiant has received formal training at the Federal Law Enforcement Training Center and the ATF National Academy.  As a federal agent, your Affiant is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

2.   Prior to employment with ATF, your Affiant was employed as a police officer with the Kokomo (Indiana) Police Department for approximately 10.5 years.  As a law enforcement officer, your Affiant has participated in investigations involving homicides, aggravated batteries, serious violent felons, firearms, drug trafficking, robberies, and financial crimes, among other matters.  Your Affiant has also testified in judicial proceedings and prosecutions for violations of comparable state law.

3.   This affidavit is submitted in support of a criminal complaint charging Devonte DAVIS (date of birth XX/XX/1993 and Social Security Number XXX-XX-7093) with Possession of a Firearm and/or Ammunition By a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1). The information contained in the below numbered paragraphs is either personally known to your Affiant or told to your Affiant by other law enforcement officers.

## Facts Supporting Probable Cause

4.     On October 1, 2019 at approximately 12:45pm, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (SAs) Todd Bevington and Launa Hunt were traveling south on Ralston Avenue in the 3300 block. Both SAs observed a gray Dodge Avenger pull up in front of 3317 Ralston Avenue. SA Bevington observed a black male wearing a gray sweatsuit, later identified as Devonte DAVIS, exit the Avenger and put a handgun in his waistband. SA Bevington observed a second black male, later identified as Keenen HORTON, exit the Avenger carrying a blue duffle bag. HORTON's hands appeared to be shoulder width apart and he was holding the blue bag against his chest. Both black males walked toward the front of 3317 Ralston Avenue.

5.     A short time later, SAs Hunt and Bevington observed both black males return to the Avenger. Both SAs also observed a black female walk around the Avenger. The Avenger then drove away from the residence.

6.     SA Bevington contacted Indianapolis Metropolitan Police Department (IMPD) Officer Robert Cosler and asked for assistance in investigating the Avenger and its occupants. SA Bevington provided Officer Cosler with the license plate (204RBJ), and Officer Cosler advised the registered owner did not have a valid driver's license. Officer Cosler also provided a photograph of the registered owner. SA Bevington believed the driver of the Avenger was the registered owner.

7.     Officer Cosler initiated a traffic stop on the Avenger in the 3100 block of North Keystone Avenue. Officer Cosler made contact with the driver and confirmed it was the registered owner, Unique Oliver. The front seat passenger and back seat passenger both

provided Officer Cosler with false names and were uncooperative with Officer Cosler. Other officers arrived to assist Officer Cosler with the stop.

8. Officers asked the occupants of the Avenger to exit the vehicle. When asked to exit the Avenger, DAVIS pulled a handgun from his waistband and tossed it on the floorboard. HORTON exited the vehicle and told officers he had marijuana on his person. Officers also observed the blue duffle bag sitting on the backseat. When officers searched the blue duffle bag, they located a 9mm Hi Point 995 rifle bearing serial number F32279 and a Hi Point C9 handgun bearing serial number P1774233 inside the bag. SA Bevington later confirmed this appeared to be the same bag that HORTON had previously carried away from the vehicle on Ralston Avenue.

9. In a post-*Miranda* statement, DAVIS stated the handgun, a 9mm Springfield XD-9 bearing two serial numbers: XD143202 and XD257372, on the floorboard was his firearm. DAVIS further stated the 9mm Hi Point rifle was his rifle. DAVIS stated the handgun inside the duffle bag did not belong to him. DAVIS told investigators he knew he was not supposed to possess a firearm due to his felony convictions.

10. In a post-*Miranda* statement, HORTON told officers he never possessed a firearm and did not have any further information. HORTON told investigators he was on federal supervised release for a previous federal firearms conviction.

11. In a post-*Miranda* statement, Unique Oliver told investigators the blue duffle bag belonged to HORTON. Oliver told investigators HORTON put the duffle bag in her vehicle when she picked him up. She believed HORTON had clothing in the bag and did not realize there were firearms inside the bag. Further, Oliver told investigators that she witnessed DAVIS attempting to hide his firearm when officers approached him.

12. An interstate nexus expert with ATF reviewed the Springfield and Hi Points' characteristics and determined that the firearms were not manufactured in the state of Indiana. By virtue of their presence in the State of Indiana, therefore, they had to have been transported or shipped in interstate or foreign commerce.

13. DAVIS has sustained the following conviction for a crime punishable by more than one (1) year of imprisonment: Aggravated Battery (Level B Felony) under Marion County (Indiana) cause number 49G02-1204-FA-024534 on or about April 17, 2013.

## Conclusion

14. Based on the facts set forth in this affidavit, your Affiant submits that probable cause exists that on October 1, 2019, in the Southern District of Indiana, Devonte DAVIS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, said firearm having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1). I respectfully request this Court issue a Criminal Complaint charging DAVIS accordingly, along with a warrant for his arrest.

_____
Launa K. Hunt, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to before me this 3rd day of October, 2019.

_____
Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana